IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY
FILED
Apr 07 2021
U.S. DISTRICT COURT
Northern District of WV

**DAVID BLAINE ADAMS, on behalf**
**of himself and others similarly situated,**

**INTERNATIONAL UNION OF**
**OPERATING ENGINEERS,**
**LOCAL 132,**

**TRUSTEES OF INTERNATIONAL**
**UNION OF OPERATING ENGINEERS LOCAL 132**
**HEALTH AND WELFARE FUND,**

**TRUSTEES OF INTERNATIONAL**
**UNION OF OPERATING ENGINEERS LOCAL 132**
**PENSION FUND,**

**TRUSTEES OF INTERNATIONAL**
**UNION OF OPERATING ENGINEERS LOCAL 132**
**APPRENTICESHIP FUND,**

**TRUSTEES OF INTERNATIONAL**
**UNION OF OPERATING ENGINEERS LOCAL 132**
**ANNUITY AND SAVINGS FUND,**

      **Plaintiffs,**

    v.                                  Civil Action No. 5:21-CV-51 (Bailey)

**OVERCASH PIPELINE, LLC,**
**MARTIN OVERCASH,**
**and MARGO OVERCASH,**

      **Defendants,**

### COMPLAINT

Plaintiffs, Local 132 of the International Union of Operating Engineers ("Local 132"), and the Health and Welfare, Pension, Apprenticeship, and Annuity and Savings Funds of Local 132 (the "Funds"), seek to enforce the award of an arbitrator on a grievance for non-payment of wages and benefits in which the Defendants lost the grievance and were ordered to make

payment under the relevant collective bargaining agreement, but have refused to pay for work performed in and around Wetzel County, West Virginia pursuant to their collective bargaining agreement with Local 132. Further, David Blaine Adams seeks payment of wages, including fringe benefits, and liquidated damages for those unpaid wages, and seeks certification of a class action as to the wage and hour claims held by the individual members of the putative class.

This action is brought pursuant to the Labor Management Relations Act of 1947 ("LMRA"), § 301(a), 29 U.S.C. § 185(a); the Employee Retirement Income Security Act ("ERISA"), § 502(a)(3), 29 U.S.C. § 1132(a)(3), to enforce § 515 of ERISA, 29 U.S.C. § 1145; the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq., the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21-5-1, et seq., and the Minimum Wage and Maximum Hours Standards for Employees, W. Va. Code § 21-5C-1, et seq.

Plaintiff Adams furthermore brings the claims under the Fair Labor Standards Act, the West Virginia Wage Payment and Collection Act, and the Minimum Wage and Maximum Hours Standards for Employees, consistent with Federal Rule of Civil Procedure 23, on his own behalf and on behalf of the Defendants' other similarly-situated employees, for statutory damages, interest, costs, and fees.

## PARTIES

1. Mr. David Blaine Adams resides in Monroe County, Ohio, and was at all times relevant herein a resident of that same location.

2. The International Union of Operating Engineers, Local 132 ("Local 132"), is a West Virginia non-profit labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5) representing workers in the oil and gas business, among

others, has its principal place of business at 606 Tennessee Avenue, Charleston, West Virginia 25302-2328.

3. The Funds are multi-employer plans under Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), which are maintained pursuant to collective bargaining agreements between Defendant Overcash Pipeline, LLC and the International Union of Operating Engineers, Local 132 ("Local 132"). They are trust funds established in accordance with Section 302 of the LMRA, 29 U.S.C. § 186, for the purpose of providing health care, pension, and related benefits for participants and their dependents. The Funds have their principal place of business at 636 Fourth Avenue, Huntington, West Virginia, 25701-1321.

4. The Funds bring this action by and through their trustees. These trustees are fiduciaries within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21).

5. Defendant Overcash Pipeline LLC was conducting business in Wetzel County, West Virginia at all times pertinent to the events alleged in this Complaint.

6. Martin Overcash was at all times relevant a controlling member of Overcash Pipeline, LLC and a joint employer of the Plaintiff Mr. Adams.

7. Margo Overcash was at all times relevant a controlling member of Overcash Pipeline, LLC and a joint employer of the Plaintiff Mr. Adams.

### JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 185(a), 28 U.S.C. § 1331, W. Va. Code Secs. 56-1-1(a)(1), (2)

9. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) because the Pension Fund is administered in this district, under 29 U.S.C. § 185(a) because the Court

has jurisdiction over all parties, and pursuant to W. Va. Code Secs. 56-1-1(a)(1), (2), as the incidents complained of occurred in and around Jacksonburg, Wetzel County, West Virginia where Defendants did business providing services for oil & gas operations at all times relevant.

## FACTS

10. Mr. David Blaine Adams, Plaintiff, was employed as an employee of the Defendant Overcash Pipeline, LLC from on or around early August 2019 through the end of January 17, 2020.

11. Throughout Mr. Adams' employment for Overcash Pipeline, LLC, Mr. Adams was jointly employed by Martin and Margo Overcash.

12. Defendants employed six or more employees throughout the time that Plaintiff worked for Defendants.

13. In the year 2020, Local 132 supplied roughly 17 employees to coordinate and manage projects associated with construction, installation, and repair of pipelines for drilling and transporting oil and natural gas including mainline, well-connects, and gathering lines on various job sites in and around the area of Jacksonburg, Wetzel County, West Virginia.

14. At various times, the Defendants employed the Plaintiff for workweeks longer than forty hours, and failed to pay the Plaintiff at the rate of one and one-half times the regular rate at which he was employed.

15. On or about January 17, 2020, Defendant Overcash Pipeline LLC laid off all of the employees in Local 132.

16. After the layoff, employees did not receive their paychecks in a timely fashion.

17. Local 132 and Overcash Pipeline LLC are bound as parties to the terms and conditions of the National Pipeline Agreement, a collective bargaining agreement.

18. Titles VII and VIII of the National Pipeline Agreement provide for payment of overtime (Title VII), holiday pay (Title VII), and waiting time pay (VIII).

19. Title XV of the National Pipeline Agreement provides for payments to the Funds based on hours worked, as set forth in the arbitrator's award.

20. Title XII of the National Pipeline Agreement provides for the resolution of grievances and disputes about wages and benefits through a multi-step procedure culminating in arbitration, and that the parties shall share the costs of the Arbitrator (11.F).

21. Local 132 filed a grievance regarding the non-payment of wages and benefits for roughly 17 of Defendants' employees who were members of the collective bargaining unit.

22. On October 24, 2020, arbitrator Amy L. Sergeant awarded damages set forth in a detailed decision. FMCS # 200619-07304.

23. On October 24, 2020, the arbitrator found that the Defendants owed the following sums to seventeen (17) members of the bargaining unit, totaling **$14,343.96**. *See* Ex. A at 17-18 (Arbitrator's Award).

   a. *David Adams*. $2,341.98, as follows: $120.00 in waiting time for Christmas Day plus a $20.00 per diem; $120.00 in waiting time for New Years Day plus a $20.00 per diem; $1,341.98 (24 x. $61.94) for 24 hours of unpaid overtime time wages; $720.00 (6 x $120.00) in waiting time at the layoff.

   b. *Michael Hull*. $650.00, as follows: $90.00 in waiting time pay for Christmas Day plus a $20.00 per diem; $540.00 (6 x $90.00) in waiting time at the layoff.

c. *Joseph (Andy) Bassett*. $860.00, as follows: $120.00 in waiting time pay for Christmas Day plus a $20.00 per diem; $720.00 (6 x $120.00) in waiting time at the layoff.

d. *Tommy (Timothy) Bassett*. $860.00, as follows: $120.00 in waiting time pay for Christmas Day plus a $20.00 per diem; $720.00 (6 x $120.00) in waiting time at the layoff.

e. *John Fields*. $860.00, as follows: $120.00 in waiting time pay for Christmas Day plus a $20.00 per diem; $720.00 (6 x $120.00) in waiting time at the layoff.

f. *David Jones*. $860.00, as follows: $120.00 in waiting time pay for Christmas Day plus a $20.00 per diem; $720.00 (6 x $120.00) in waiting time at the layoff.

g. *Jack Fought*. $2,591.98, as follows: $120.00 in waiting time for Christmas Day plus a $20.00 per diem; $660.64 in straight time wages (16 hrs x. $41.29/hr); $681.34 in overtime time wages (11 OT hrs x. $61.94/hr); $390.00 for six days of a truck allowance at $65.00/day; and $720.00 (6 x $120.00) in waiting time at the layoff.

h. *Jonathan Johnson*. $140.00, as follows: $120.00 in waiting time pay for Christmas Day plus a $20.00 per diem.

i. *Cody Johnson*. $1,000.00, as follows: $120.00 in waiting time for Christmas Day plus a $20.00 per diem; $120.00 in waiting time for New Years Day plus a $20.00 per diem; $720.00 (6 x $120.00) in waiting time at the layoff.

j. *Jesse Kyle*. $1,000.00, as follows: $120.00 in waiting time for Christmas Day plus a $20.00 per diem; $120.00 in waiting time for New Years Day plus a $20.00 per diem; $720.00 (6 x $120.00) in waiting time at the layoff.

k. *Scott Marsh*. $140.00, as follows: $120.00 in waiting time for Christmas Day plus a $20.00 per diem.

l. *Allen Lambert*. $280.00, as follows: Two Rain Out Days at $120.00 in waiting time for Christmas Day plus a $20.00 per diem for each such day.

m. *Rosemary McCoy*. $360.00 (4 days x $90.00) in waiting time at the layoff.

n. *Richard Posey*. $600.00 (5 x $120.00) in waiting time at the layoff.

o. *Nathan Burchett*. $360.00 (4 days x $90.00) in waiting time at the layoff.

p. *Dewayne Badgett*. $720.00 (6 x $120.00) in waiting time at the layoff.

q. *Mark Sheppard*. $720.00 (6 x $120.00) in waiting time at the layoff.

24. As to the wage deductions payable to the Funds, the arbitrator also found that the Defendants owed the Funds a payment of **$958.56** for benefits that were due and unpaid in the following amounts. *See* Ex. A.

a. $479.28 as to David Adams.

b. $479.28 as to Jack Fought.

25. Defendants Martin and Margo Overcash each exercised control over the payment of wages and benefits, and upon information and belief Overcash Pipeline LLC may lack sufficient resources to honor its obligations under the National Pipeline Agreement.

26. The Arbitrator found that the Defendant Overcash Pipeline LLC improperly calculated, delayed payment, and had insufficient funds to cover issued paychecks at the time that it laid off the affected employees.

27. The Defendants did not appeal the arbitrator's award, which became final 30 days after its issuance.

28. The Defendants did not pay the damages due pursuant to the arbitrator's award.

29. The Defendants did not pay the costs and expenses due pursuant to the arbitrator's award.

30. The Defendants failed to follow corporate formalities by registering properly with the Secretary of State of West Virginia.

31. More than 19 days elapsed between settlements of the wages due to the Plaintiff and putative class.

32. More than 19 have elapsed since the arbitrator concluded, without appeal, that the wages were due to the Plaintiffs by Defendant Overcash Pipeline LLC and his joint employers Martin and Margo Overcash, severally.

33. The refusal of each Defendant Overcash Pipeline to pay such contractually required contributions to Local 132 and the Funds is a breach of the company's contractual obligations under the National Pipeline Agreement that is actionable and remediable under both § 515 of ERISA, 29 U.S.C. § 1145, and § 301 of the LMRA, 29 U.S.C. § 185.

### COUNT I – BREACH OF CONTRACTUAL OBLIGATION TO PAY OVERTIME, HOLIDAY, AND WAITING TIME PAY, AND TO ADHERE TO BINDING ARBITRATION AS TO THOSE OBLIGATIONS
### (In Violation of LMRA § 301 and ERISA § 515)

34. Plaintiffs repeat and re-allege the foregoing paragraphs.

35. Defendant Overcash Pipeline LLC has not disputed the arbitrator's award or the binding nature of that award.

36. Defendant Overcash Pipeline LLC owes at least $14,343.96 in the aggregate to the union members, and $958.56 to the Funds, as specified in that award.

37. Defendant Overcash Pipeline LLC's failure to make such payments to the Plaintiffs as are due under the Award as specified by contract is a breach of each company's contractual obligations to the Plaintiffs under Titles VII, VIII, XII, and XV of the National Pipeline Agreement that is actionable and remediable under § 515 of ERISA, 29 U.S.C. § 1145 and § 301 of the LMRA, 29 U.S.C. § 185.

### COUNT II - FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. Sec. 201, et seq.

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

40. Defendants have violated the FLSA by failing to pay Plaintiff adequate compensation for overtime work consisting of hours worked over 40 per week.

41. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

### COUNT III – RECORDKEEPING 29 U.S.C. §§ 211(c), 215(a)

42. All previous paragraphs are incorporated as though fully set forth herein.

43. 29 U.S.C. Sec. 211(c) and 29 C.F.R. Sec. 516.2 set forth the FLSA recordkeeping requirements regarding wages, hours, and other conditions and practices of employment.

44. Defendants failed to keep adequate records as required by the FLSA that were sufficient to determine the Plaintiff's wages, hours, and other conditions and

practices of Plaintiff's employment, in violation of the FLSA, 29 U.S.C. §§ 201, et seq.---namely violating 29 U.S.C. §§ 211(c) and 215(a).

**COUNT IV – FAILURE TO PAY OVERTIME WAGES, IN VIOLATION OF WEST VIRGINIA MINIMUM WAGE AND MAXIMUM HOURS STANDARDS FOR EMPLOYEES**
**W. Va. Code Sec. 21-5C-1, et seq.**

45. Plaintiff Adams repeats and re-alleges all foregoing paragraphs.

46. Defendant Overcash Pipeline LLC was an employer of six or more employees, including Plaintiff, during all relevant times, within the meaning of W. Va. Code 21-5C-1(d),(e).

47. Defendants Martin and Margo Overcash were each joint employers of six or more employees, including Plaintiff, during all relevant times, within the meaning of W. Va. Code 21-5C-1(d),(e).

48. West Virginia Code provides that "no employer shall employ any of his employees for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed." W. Va. Code 21-5C-3(a).

49. When the Defendants employed the Plaintiff for workweeks longer than forty hours, and failed to pay the Plaintiff at the rate of one and one-half times the regular rate at which he was employed, the Defendants violated W. Va. Code Sec. 21-5C-3.

50. Plaintiff Adams seeks to recover the overtime wages that were due and unpaid during the above period, pursuant to W. Va. Code Sec. 21-5C-8.

**COUNT V – FAILURE TO PAY WAGES DUE, IN VIOLATION OF THE WEST VIRGINIA WAGE PAYMENT AND COLLECTION ACT**
**W.Va. Code 21-5-1 – 12**

51. Plaintiff Adams repeats and re-alleges the foregoing paragraphs.

52. Defendants were the employers of the Plaintiff Mr. Adams who was suffered or permitted to work by the Defendants jointly, within the meaning of W. Va. Code 21-5-1(b),(m).

53. After the layoff on January 17, 2020, Defendants failed to pay the Plaintiff or the other laid-off employees the wages due to them by the next regular payday on which the wages would otherwise have been due and payable, in violation of W. Va. Code Secs. 21-5-4.

54. Nor did Defendants make those wages by the next regular payday following the issuance of the arbitrator's award on October 24, 2020. Nor did the Defendants make those wage payments by the next regular payday following the attainment of finality of the arbitrator's award on November 24, 2020.

55. West Virginia Code Sec. 21-5-4(d) provides that "[w]hen work of any employee is suspended as a result of a labor dispute, or when an employee for any reason whatsoever is laid off, the person, firm or corporation shall pay in full to the employee not later than the next regular payday, either through the regular pay channels or by mail if requested by the employee, wages earned at the time of suspension or layoff."

56. West Virginia Code Sec. 21-5-4(e) provides that "[i]f a person, firm or corporation fails to pay an employee wages as required under this section, the person, firm or corporation, in addition to the amount which was unpaid when due, is liable to the employee for two times that unpaid amount as liquidated damages."

57. Plaintiff Adams does not assert that he was misclassified as exempt from overtime. Rather, Plaintiff asserts that Defendant classified him as a non-exempt

employee, but simply refused to pay him the wages that he was due pursuant to, or by virtue of, the West Virginia Code as set forth herein.

58. Plaintiff Adams is, therefore, entitled to his total unpaid wages and twice again as much in liquidated damages due to him pursuant to W. Va. Code Sec. 21-5-4, 12.

## Class Allegations

59. Plaintiff Adams repeats and re-alleges the foregoing paragraphs.

60. Pursuant to Rule 23(a)-(b), Plaintiff brings this class action on behalf of the other similarly situated employees (hereinafter "Class Members") who received an award of wages in the October 24, 2020 arbitrator's award.

61. The proposed class would be defined as: All employees of Overcash Pipeline LLC who received an award of wages in the arbitration award issued on October 24, 2020 by Amy L. Sergeant, FMCS # 200619-07304.

62. The Class Members are so numerous that joinder of all Class Members is impracticable and inefficient because the award afforded damages to over thirty workers.

63. There are questions of law or fact common to the Class Members that predominate over any questions affecting only individual Class Members. The principal question in this case is whether the Defendants' failure to pay the arbitrator's award is in violation of the National Pipeline Agreement, and whether statutory and liquidated damages are due to the Plaintiffs because of Defendants' untimely payment of the wages awarded on October 24, 2020.

64. The claims and defenses of the Plaintiff are typical of the claims or defenses of the Class Members as a whole because the Class Members are similarly affected by Defendants'

wrongful conduct in violation of the contract and relevant statutes, and possess the same remedies at law.

65. The Plaintiff will fairly and adequately protect the interest of the Class Members because Plaintiff has demonstrated his commitment to this claim by preserving his work records, and because Plaintiff is represented by counsel who is competent and experienced, including litigating numerous class action employment matters in West Virginia.

66. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because (a) joinder of all Class Members is impracticable and inefficient, (b) the Class Members are not all actively employed and thus not in a position to retain private counsel, and (c) each individual Class Member has suffered damages that are merely modest. Therefore, there will be no difficulty in the management of this class action and concentration of the claims in this forum will promote judicial economy.

**WHEREFORE**, Plaintiffs respectfully seek the following relief:

A. Enforcement of the October 24, 2020 arbitrator's award pursuant to the National Pipeline Agreement and the federal common law of contracts under 29 U.S.C. § 185(a);

B. All unpaid wages, including at least **$15,302.52** as computed by the arbitrator, as well as prejudgment and post-judgment interest to the fullest extent permitted by law, 29 U.S.C. § 207(a)(1), W. Va. Code Secs. 21-5C-3, 8, and 21-5-3, 12;

C. Liquidated damages in the amount of at least **$30,605.04**, and to the fullest extent permitted under the FLSA and WPCA, W. Va. Code 21-5-4(e) based on the sum deemed due to Plaintiff Adams by the October 24, 2020 arbitrator's award;

D. Class Relief:

      i.      Pursuant to Rule 23(a), (b), & (c), and 29 U.S.C. § 207(a)(1), W. Va. Code Secs. 21-5C-3, 8, and 21-5-3, 12, and other applicable law, Plaintiff Adams requests that the Court certify he and all other similarly-situated employees of Overcash Pipeline LLC whose wages were awarded in the October 24, 2020 arbitrator's award, as set forth above, constitute a single class.

      ii.     Plaintiff Adams requests that the Court designate him as class representative as permitted by 29 U.S.C. § 2104(a)(5).

      iii.    Plaintiff Adams requests that the Court appoint the undersigned attorney as class counsel.

D.   All benefits due to the Funds based on the October 24, 2020 arbitrator's award;

E.   All costs and expenses reasonably incurred by Local 132 as the result of Defendant Overcash Pipeline LLC's breach of the National Pipeline Agreement;

F.   Reasonable attorney fees and costs, pursuant to 29 U.S.C. Sec. 216(b), W. Va. Code 21-5C-8, 21-5-12; and

G.   Such other relief as this Court deems just or equitable.

**PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY.**

**PLAINTIFFS,**
**By counsel,**
 /s/ Samuel B. Petsonk
Samuel B. Petsonk (WVSB # 12418)
Petsonk PLLC
223 Prince Street
P.O. Box 1045
Beckley, WV 25802
(304) 900-3171 (phone)
(304) 986-4633 (fax)
sam@petsonk.com